## Saxton's Estate

*Oscar A. Moldawer* and *Martin V. Bergen*, for petitioners.

*Joseph A. Kean* and *Francis M. Gumbes*, for claimant.

PER CURIAM, May 31, 1940.—Petitioners were awarded $1,040.90 each as decedent's next of kin and schedule of distribution duly approved. Julia French, an unsuccess-

ful claimant whose exceptions to the adjudication disallowing her claim were subsequently dismissed, appealed to the Supreme Court but said appeal was not made a supersedeas. On the date fixed for argument of the appeal appellant had her appeal continued because she did not have sufficient funds to proceed. On May 2nd the distributees filed their petition praying for a citation to show cause why the administratrices and their surety should not pay the award. To this petition claimant filed answer admitting the facts and suggested the petition was premature.

Section 4 of the Act of May 19, 1897, P. L. 67, as amended by section 1 of the Act of May 11, 1927, P. L. 972, provides:

"No appeal shall be allowed in any case from . . . or decree of . . . orphans' court, unless taken within three calendar months from the entry of the . . . decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless taken and perfected, and bail entered in the manner prescribed within three weeks from such entry."

The disappointed claimant who has appealed asks us in effect to make her appeal a supersedeas even though she has not entered bail, by withholding from the distributees the order to pay to which they are entitled. Undoubtedly, we may in our discretion withhold an order to pay where an appeal has been taken even though a supersedeas has not been effected, as was done in Lafferty's Estate, 6 Dist. R. 421, but this discretion will be sparingly exercised and only under exceptional circumstances.

The distributees here commendably withheld this application until after appellant continued the appeal beyond the present term of the Supreme Court. Claimant's failure to have pressed her appeal with dispatch certainly cannot be regarded as entitling her to any further consideration.

Petition granted.